CLD-252                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3790
_____

CHRISTIANA ITIOWE,
                                        Appellant

v.

THE UNITED STATES GOVERNMENT, President-defendants Mr. Obama;
THE HOUSE OF REPRESENTATIVES, Congress/Senate Speaker-Mr. Boehner;
THE FEDERAL DISTRCT COURT OF NEW JERSEY,
NJ-Court Administrator/Clerk of the Court;
THIRD CIRCUIT COURT, EXECUTIVE OFFICE,
Executive Office/Court Administrator/Court of the Clerk;
TRENTON PSYCHIATRIST HOSPITAL; USCIS-AGENCY DIRECTOR;
DEPARTMENT OF HOMELAND SECURITY, Inspector General;
SUPERIOR COURT OF NEW JERSEY, Law Division/Appellate Division-Court
Administrator/Clerk of the Court;
CITY OF TRENTON, Mayor/Acting Mayor;
TRENTON POLICE STATION, Chief of Police;
TRENTON MUNICIPAL COURT, Court Administrator;
STATE OF NEW JERSEY, Governor/Acting Governor;
UNITED STATES DEPARTMENT OF JUSTICE, Agency Director;
NEW JERSEY DIVISION OF CIVIL RIGHTS, Agency Director;
SUPREME COURT OF WASHINGTON DC, Court Administrator/Clerk of Court;
STATE OF NEW JERSEY DIVISION OF MENTAL HEALTH,
Office of the Commissioner
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 3-14-cv-06342)
District Judge:  Honorable Michael A. Shipp
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 12, 2016

Before: FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Filed: May 24, 2016)
_____

OPINION[*]
_____

PER CURIAM

Appellant, Christiana Itiowe, appeals the District Court's order dismissing her pro se complaint. Upon consideration of the record, we conclude that the District Court properly determined that Itiowe's complaint was subject to summary dismissal for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Because the appeal presents no substantial question, we will affirm the judgment of the District Court.

In October 2014, Itiowe filed a complaint in the United States District Court for the District of New Jersey, naming sixteen defendants from various local, state, and federal entities. The District Court grouped the defendants and referred to them collectively as the "Trenton Defendants," "State Defendants," and "Federal Defendants." Itiowe alleged that she has suffered "continuous violations of [her] civil rights." <u>See</u> Compl. at 3. In particular, she claims to have been repeatedly subjected to retaliation, harassment, discrimination, the intentional infliction of emotional distress, intimidation,

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

mishandling and manhandling, and other unconstitutional acts. Itiowe sought $500 billion in damages.

The three groups of defendants filed motions seeking the dismissal of Itiowe's complaint.[1] After reviewing defendants' motions, Itiowe's cross-motion to amend her complaint, and at least fifteen other "items of correspondence," the District Court entered a Memorandum Order informing Itiowe that her allegations offered only "broad labels and conclusions," and that she did not provide any facts to support her claims. See Mem. Order at 3. The court further noted that Itiowe's proposed amended complaint did not clarify any of the allegations, "but only addressed clerical changes and typos." Id. Because the complaint did not provide defendants with fair notice of the claims against them or upon what factual grounds the claims were based, and because the court could not determine if it had jurisdiction over the action, the District Court concluded that the complaint was subject to dismissal under Rule 8. Itiowe's complaint was thus dismissed without prejudice to the filing of an amended complaint adhering to Rule 8(a), the requirements of which the District Court spelled out in its order. Itiowe was warned that her failure to comply with Rule 8 would result in the dismissal of her complaint with prejudice.

Itiowe responded with a motion to reopen the case and proposed amended complaint. However, contrary to the court's instructions, Itiowe's proposed amended complaint was anything but clear and concise. Once again, the court found that the

---

[1] As the District Court noted, the Superior Court of New Jersey is the only defendant that did not file a motion to dismiss the complaint. It appears, however, that the Superior Court was never properly served with the complaint. See D. Ct. cm/ecf entry # 13 at 4-5.

3

proposed complaint contained "mostly unintelligible" allegations, and only broad labels

and conclusions of a "wide arching conspiracy" involving every level of government.

See Mem. Op. at 3. The court concluded that the proposed amended complaint did not

clarify her allegations or provide the defendants with fair notice regarding the claims

against them or on what factual grounds those claims are based, nor did it clarify the

basis of the court's jurisdiction. Id. Insofar as it was apparent from the numerous

pleadings submitted that Itiowe was unable or unwilling to file a conforming complaint,

the District Court denied her motion to reopen and dismissed the action without further

leave to amend. This timely appeal followed.[2]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District

Court's dismissal of a complaint for failure to comply with Rule 8 for an abuse of

discretion. See In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). We find

no such abuse here.

Upon review of the record, and holding Itiowe's complaint and proposed amended

complaint to less stringent standards in light of her pro se status, as did the District Court,

see Erickson v. Pardus, 551 U.S. 89, 94 (2007), we agree with the District Court that the

---

[2] Itiowe filed a "new trial request" in the District Court on November 30, 2015. By order entered December 2, 2015, the District Court concluded that Itiowe's filing of a notice of appeal conferred jurisdiction on this Court and divested it of jurisdiction "over those aspects of the case involved in the appeal." See Order at 2 (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)). Accordingly, the District Court "terminated" the motion pending this appeal. Initially, we note that Itiowe's new trial motion was not filed within 28 days of entry of the District Court's final order. As such, the time for appeal was not tolled. See Fed. R. App. P. 4(a)(4). While Itiowe's notice of appeal was timely filed from the District Court's dismissal order entered on October 30, 2015, she did not file a notice of appeal from the subsequent order entered by the District Court on December 2nd. Therefore, the propriety of that order is not before us.

4

complaint failed to comply with Rule 8. Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Each averment must be "simple, concise, and direct." Id. at 8(d)(1). "Taken together," Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." In re Westinghouse Sec. Litig., 90 F.3d at 702 (citation omitted).

Itiowe's filings are anything but "simple, concise, and direct." The complaint is virtually incomprehensible, often drafted with a single sentence equating to a 20-line paragraph covering more than half a page. The District Court accurately characterized the document as rambling and mostly unintelligible. The proposed amended complaint mirrored the deficiencies of the original complaint and did little more than seek to add a dozen or so defendants. The complaint, even with the proposed amendment, lacks "a short and plain statement" of the grounds for the court's jurisdiction and the claims showing entitlement to relief, see Fed. R. Civ. P. 8(a), and the allegations contained within that pleading are not "simple, concise, and direct." See Fed. R. Civ. P. 8(d)(1). The complaint is so unfocused as to be unintelligible, and thus defies any attempt to meaningfully answer or plead to it. Rather than attempt to concisely clarify and simplify her allegations, Itiowe instead sought to add more participants to her conspiracy theory. However, adding more players did nothing to move Itiowe's filing closer to compliance with the dictates of Rule 8.

Accordingly, we conclude that the District Court committed no error in granting defendants' motions and dismissing Itiowe's complaint without further leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). As this appeal presents no substantial question, we will affirm the District Court's order of dismissal. See Third Circuit LAR 27.4 and I.O.P. 10.6. We deny Itiowe's pending motions.[3]

---

[3] Itiowe has filed motions seeking to "present new trial request" and to transfer all of her proceedings from Trenton to Newark, New Jersey. The motion to transfer is without a basis and the motion to present new trial request – which, we presume, is a request for leave to file a post-judgment motion pursuant to Fed. R. Civ. P. 59 or 60 – is now moot to the extent Itiowe sought a remand for the District Court's consideration of such a motion.